UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELSON M. DEBARROS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 117-11095-FDS |
| AREAS USA BOSTON, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, this action will be dismissed under Fed. R. Civ. P. 12(h)(3).

### I.   Background

On June 12, 2017, Elson M. DeBarros, a resident of Brockton, Massachusetts, filed a self-prepared complaint against his former employer in Boston, Massachusetts, and its parent company in Miami, Florida.  The complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 and asserts claims of defamation and false accusation against his former employer.  With his complaint, DeBarros filed an unsigned motion for leave to proceed *in forma pauperis*.

### II.   Standard of Review

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are "'courts of limited jurisdiction.'" *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Such courts may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen*, 511 U.S. at 377.  "[T]he

party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

In reviewing the complaint, the court recognizes that *pro se* pleadings are read with "an extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir.1991), due to plaintiff's *pro se* status, *see id.*; *see also Strahan v. Coxe*, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Generally, a *pro se* plaintiff is afforded an opportunity to cure a deficient complaint. However, when "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate. *Garayalde–Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).

**III.    Discussion**

Notwithstanding plaintiff's characterization of this action as arising under this Court's diversity jurisdiction, the complaint is insufficient to support federal subject-matter jurisdiction. Defamation is not generally actionable under federal law. Federal courts have jurisdiction over suits brought pursuant to state law where there is diversity of citizenship between the adversaries and the amount in controversy exceeds a threshold amount of $75,000. *See* 28 U.S.C. § 1332;

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants—that is, the state of citizenship for each plaintiff must be different from that of each defendant.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P.*, 362 F.3d 136, 139 (1st Cir. 2004).  "Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction 'depends upon the state of things at the time of the action brought.'"  *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

Here, the plaintiff, a Massachusetts citizen, alleges claims against citizens of Massachusetts and Florida.  Because the parties are not completely diverse, there is no diversity jurisdiction.  Even giving the complaint the most liberal construction, the Court cannot discern any basis for a federal claim because the complaint fails to state a federal question under 28 U.S.C. § 1331.

### III.  Conclusion

For the foregoing reasons,

1. This action is dismissed under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction; and

2. The Clerk shall terminate the pending motion and enter a separate order of dismissal.

**So Ordered.**

/s/  F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated:  July 14, 2017, 2017